UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPH COE, | : | |
|     Petitioner, | : | |
| | : | Civil No. 3:16-cv-1031 (VLB) |
| v. | : | Criminal No. 3:00-cr-127 |
| | : | |
| UNITED STATES OF AMERICA, | : | October 15, 2018 |
|     Respondent. | : | |

## MEMORANDUM OF DECISION DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 [DKT. 1]

Petitioner, Joseph Coe ("Petitioner" or "Mr. Coe"), seeks to have his sentence vacated pursuant to 28 U.S.C. § 2255. On February 2, 2002, Judge Ellen Burns sentenced Mr. Coe to 168 months in prison for one count of bank robbery in violation of 18 U.S.C. § 2113(a) in case number 3:00-cr-127. Judge Burns employed the then-mandatory United States Sentencing Guidelines (the "Guidelines"), determining that Mr. Coe was a career offender under § 4B1.1, having two prior convictions that qualified as "crimes of violence" under § 4B1.2. U.S. Sentencing Guidelines Manual (hereinafter "U.S.S.G.") §§ 4B1.1, 1.2 (U.S. Sentencing Comm'n 2001). As a result, Mr. Coe was subject to an enhanced Guidelines range of 168 months to 210 months in prison. Judge Burns sentenced Mr. Coe to 168 months in prison.

Mr. Coe now argues that the residual clause of § 4B1.2 is void for vagueness under the new rule announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016), and his sentence is therefore

1

unconstitutional. In *Johnson*, the Supreme Court found void for vagueness the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and held that imposing an increased sentence under the clause violates the Constitution's guarantee of due process. *Johnson*, 135 S. Ct. at 2563. Mr. Coe argues that the *Johnson* rule applies to the identically worded residual clause in the Guidelines' career offender provision. Mr. Coe further argues that his petition is not defeated by the Supreme Court's ruling in *Beckles v. United States*—finding that the post-*United States v. Booker*, 543 U.S. 220 (2005) (hereinafter "*Booker*"), advisory Guidelines cannot be challenged for vagueness because they do not fix sentences—because he was sentenced under the pre-*Booker* mandatory Guidelines.

For the reasons discussed below, Mr. Coe's § 2255 Motion is DENIED. The residual clause of § 4B1.2 of the pre-*Booker* Guidelines is not void for vagueness as applied to Mr. Coe because his prior § 2113(a) federal bank robbery convictions qualify as crimes of violence under the elements clause of the § 4B1.2 and because the crime of robbery is explicitly enumerated in the commentary to the provision.

Background

A. Mr. Coe's Conviction and Sentence

Mr. Coe was released from federal prison on March 30, 2000, and was serving a term of supervised release when, on the morning of May 6, 2000, he robbed a bank in New Haven, Connecticut. 00-cr-127, [Presentence Report ("PSR") at ¶¶ 4-10]. A grand jury in the United States District Court for the

2

District of Connecticut returned an indictment charging Petitioner with one count of bank robbery in violation of 18 U.S.C. § 2113(a) on June 15, 2000. *See*, 3:00-cr-127, [Dkt. 1 (Indictment) at ¶ 1]. Mr. Coe was arrested on June 27, 2000, in Camp Verde, Arizona. 00-cr-127, [PSR at ¶ 10]. On November 12, 2001, Mr. Coe pled guilty to the one charge of bank robbery without a plea agreement. [Dkt. 1 at ¶ 2].

Petitioner's sentencing hearing was held on February 1, 2002. [Dkt. 1 at ¶ 3]. Judge Burns determined that Mr. Coe was a career offender based on his prior convictions and accounted for the resulting Guidelines range increase, 168 to 210 months in prison.[1] *Id.* at ¶¶ 3-4. The "Career Offender" provision of the applicable Guidelines at the time (the 2001 Guidelines) read:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) <u>the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense</u>. If the offense level for a career criminal from the table below is greater than the offense level otherwise applicable, the offense level from the table below shall apply. A career offender's criminal history category in every case shall be Category VI.

---

[1] Mr. Coe had previously been convicted of receiving stolen property, larceny in the first degree, larceny in the third degree, three counts of bank robbery, escape from federal custody, violation of probation, violation of supervised release, and assault on a correctional officer. 00-cr-127, [PSR at ¶¶ 24-29.] It is unclear from the available record which prior convictions Judge Burns relied on in making her career offender finding. Nor is it clear from the record under which provision of § 4B1.2 Judge Burns concluded those prior convictions were crimes of violence. The Judgment, 00-cr-127, [Dkt. 34], does not mention the career offender finding and the PSR states without specificity that Mr. Coe is a career offender under § 4B1.1 based on at least two prior convictions for crimes of violence, later referencing his "two previous convictions for Robbery and Assault." PSR at ¶¶ 20, 31. Respondent invokes Mr. Coe's prior convictions for federal bank robbery under 18 U.S.C. § 2113(a), [Dkt. 16 at 18], which Mr. Coe rebuts. [Dkt. 23 at 7-8]. But Mr. Coe does not suggest that the sentencing court relied on other previous convictions or that this Court needs to consider the impact of that possibility.

3

U.S.S.G. § 4B1.1 (Nov. 2, 1001) (emphasis added). The 2001 Guidelines defined "crime of violence" for purposes of the career offender provision as follows:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 4B1.2. The "Application Notes" in the commentary for § 4B1.2 further stated that, "[f]or the purposes of this guideline," "'crime of violence' includes . . . robbery . . ." *Id.* § 4B1.2 cmt. n.1 (Nov. 2001).

Judge Burns sentenced Mr. Coe to 168 months in prison to run concurrently with the 96 months Mr. Coe was already serving for convictions in case numbers 3:85-cr-27 and 3:88-cr-62, followed by three years of supervised release. 00-cr-127, [Dkt. 34]. Mr. Coe did not appeal his conviction or sentence.

### B. The Legal Background

On June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding the residual clause of the ACCA, 18 U.S.C. § 924(e)(1), void for vagueness. Under the ACCA, a defendant who possessed a firearm after three or more convictions for a "serious drug offense" or a "violent felony" was subject to a minimum sentence of 15 years, 5 years more than the 10 year maximum under the felon in possession of a firearm statute on its own. *Johnson*, 135 S. Ct. at 2556. The ACCA defined "violent felony" as:

> Any crime punishable by imprisonment for a term exceeding one year . . . that—

4

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Subsection (i) of this definition is known as the elements clause or force clause. *Welch*, 136 S. Ct. at 1261. The final clause of (ii)—"or otherwise involves conduct that presents serious potential risk of physical injury to another"—is known as the residual clause. *Johnson*, 135 S. Ct. at 2556.

The *Johnson* Court concluded that "[t]wo features of the residual clause conspire to make it unconstitutionally vague." *Id.* at 2557. First, it "leaves grave uncertainty about how to estimate the risk posed by a crime." *Id.* And second, it "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2558. These features resulted from the use of the "categorical approach" for deciding whether an offense falls into the residual clause of the ACCA mandated by *Taylor v. United States*, 495 U.S. 575 (1990). This required courts to "picture the kind of conduct that the crime involves in the ordinary case [] and [] judge whether that abstraction presents a serous potential risk of physical injury." *Johnson*, 135 S. Ct. at 2557 (internal quotations and citations omitted). "By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the *Due Process Clause* tolerates." *Id.* The Court held that imposing an increased sentence under the ACCA residual clause violates the Due

5

Process Clause, but clarified that its holding "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2562.

On April 18, 2016, the Supreme Court held in *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* announced a new substantive rule of constitutional law applicable to cases on collateral review under the framework in *Teague v. Lane*, 489 U.S. 288 (1989). In so holding, the *Welch* Court first acknowledged that "[i]t is undisputed that *Johnson* announced a new rule," *Welch*, 136 S. Ct. at 1264 (citing *Teague*, 109 S. Ct. at 1060), as the holding "was not dictated by precedent existing at the time the defendant's conviction became final." *Teague*, 109 S. Ct. at 1060. Next, the *Welch* Court found that the rule is substantive because, "[b]y striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the Act punishes.'" *Welch*, 136 S. Ct. at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)) (internal brackets omitted). Thus, as a substantive rule, it has retroactive effect in cases on collateral review. *Id.* at 1268.

### C. Mr. Coe's Petition

Relying on these holdings, Mr. Coe filed the instant petition on June 25, 2016, within one year of *Johnson*. [Dkt. 1]. He argues that the new rule established in *Johnson* and made retroactive by *Welch*—the right not to be sentenced under the unconstitutionally vague language of the residual clause—

6

applies to the essentially identical residual clause of the pre-*Booker* Guidelines' career offender provision under which he was sentenced. *Id.* at ¶ 6.

On February 14, 2017, the Respondent moved to stay proceedings in this case pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544 (argued Nov. 28, 2016), which posed the question of whether the Guidelines' residual clause in § 4B1.2, like the residual clause of the ACCA, is void for vagueness. [Dkt. 5 (Mot. to Stay)]. The Supreme Court decided *Beckles* on March 6, 2017, obviating any need for a stay, and the parties were ordered to brief their arguments on Petitioner's § 2255 motion, including the impact of the Court's decision in *Beckles*. [Dkt. 8 (3/7/2017 Order); Dkt. 12 (4/27/2017 Order)].

In *Beckles*, the Supreme Court held that "the advisory Guidelines are not subject to vagueness challenges under the *Due Process Clause*" and, as a result, rejected the petitioner's contention that the Guidelines' residual clause is void for vagueness. *Beckles v. United States*, 137 S. Ct. 886, 890 (2017). The *Beckles* Court explained that it has "invalidated two kinds of criminal laws as 'void for vagueness': laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses." *Id.* at 892. *Johnson* applied the vagueness rule to a statute fixing sentences in an impermissibly vague way, the ACCA, which required sentencing courts to increase a defendant's prison term from a statutory maximum of 10 years to a minimum of 15 years. *Id.* The *Beckles* Court found that the Guidelines, unlike the ACCA, are advisory and do not fix the permissible range of sentences, so they are not subject to a vagueness challenge. *Id.*

7

Mr. Coe's supplemental brief argues that, unlike the petitioner's sentence at issue in *Beckles*, his sentence was imposed under the pre-*Booker* mandatory Guidelines, which did fix sentences, and which are subject to vagueness challenges under the *Due Process Clause*. [Dkt. 11 (Mem. in Support) at 3-4].

In opposition, the Respondent makes procedural arguments, principally that the rule announced in *Johnson* does not apply to the Guidelines, and even if it did, that rule would not be substantive and retroactive and, as a result, Mr. Coe's petition is untimely under § 2255(f). [Dkt. 16 (Corrected Resp.) at 5-15]. The Respondent further argues that even the pre-*Booker* Guidelines did not fix sentences such that they are subject to a vagueness challenge because the sentencing court had discretion to depart from the Guidelines range. *Id.* at 16. And finally, the Respondent argues that Mr. Coe's prior convictions for federal bank robbery under 18 U.S.C. § 2113(a) are crimes of violence under the elements clause and as enumerated in the commentary to § 4B1.2 of the career offender guideline and without reliance on the residual clause. *Id.* at 18-19. Mr. Coe disputes that § 2113(a) qualifies as a crime of violence under the elements clause, but does not address the argument that it qualifies due to the fact that the commentary for § 4B1.2 specifically lists robbery as a crime of violence. [Dkt. 23 (Pet'r Reply) at 7-8].

## Legal Standard

Section 2255 enables a prisoner in federal custody to petition a federal court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Section 2255 imposes a one year period of limitation, which runs from the latest of "(1)

the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence." *Id.* at § 2255(f).

Relief under Section 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (internal quotation marks and citation omitted). Section 2255 provides that a district court should grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## Analysis

The Supreme Court has established that the Government violates the Fifth Amendment right not to be deprived of life, liberty or property without due process of law "by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement."

9

*Johnson*, 135 S. Ct. at 2556 (citing *Kolender v. Lawson*, 461 U.S. 352, 357-58 (1983)). In finding that the ACCA residual clause violated this right, the *Johnson* Court took issue with the "uncertainty," "unpredictability," "arbitrariness," and "indeterminacy" of the analysis required to determine the applicability of it under the categorical approach, discussed *infra* at page 5. *Id.* at 2557-558.

It is possible that the same residual clause in § 4B1.2 of the mandatory Guidelines is vague in certain circumstances as well, but that is not the case here. An unpredictable analysis is not required in order to determine that Mr. Coe's prior convictions qualify as crimes of violence under § 4B1.2. It is clear from the text of § 4B1.2 that Mr. Coe's prior bank robbery convictions are crimes of violence and, as such, the residual clause of § 4B1.2 is not void for vagueness as applied to Mr. Coe.

It is unclear from the available record whether the sentencing court found Mr. Coe's previous bank robbery convictions to be crimes of violence under the elements clause, the residual clause, the crimes enumerated in the commentary, or some combination of these. The Judgment only states that Mr. Coe was sentenced to 168 months of imprisonment. 00-cr-127 [Dkt. 34 (Judgment)]. It does not state the total offense level, or how the court got to the total offense level via the application of the career offender provision, let alone which subsection of the crimes of violence definition it found Mr. Coe's prior § 2113(a) convictions fell under (or even that it limited its consideration to the § 2113(a) convictions). *Id.*

The Presentence Report ("PSR") states "[t]hat defendant is a career offender pursuant to U.S.S.G. 4B1.1. . . . The instant offense is a crime of violence, and the defendant has at least two prior felony convictions of a crime of violence as indicated in paragraphs 25 through 29 of the report." 00-cr-127, [PSR at ¶ 20]. Paragraphs 25 through 29 of the report list Mr. Coe's prior convictions, including two counts bank robbery in 1985 and one count of bank robbery in 1989. *Id.* at ¶¶ 25, 28. Mr. Coe was also convicted of receiving stolen property in 1984, larceny in the first degree and larceny in the third degree in 1985, escape from custody in 1989, and assault on a correctional officer in 1995. *Id.* at ¶¶ 24-29. The PSR does not further discuss the application of the career offender provision and the Court does not have access to a recording or transcript of the 2002 sentencing hearing before Judge Burns.

Regardless of Judge Burns's exact route, Mr. Coe's federal bank robbery convictions clearly fall within the statute such that it is not vague as applied to Mr. Coe. First, federal bank robbery predictably qualifies as a crime of violence because its elements align with the § 4B1.2 elements clause. Additionally, one cannot reasonably question whether a federal robbery conviction would contribute to a career offender enhancement because the commentary for § 4B1.2 specifically listed robbery as a crime of violence.

   a. <u>The elements clause</u>

Mr. Coe was convicted of two counts of federal bank robbery under 18 U.S.C. § 2113(a) in 1985 and one count in 1990. *See* [Dkt. 16-2 (Resp't Resp. Ex. B, N-88-62 Judgment (Apr. 30, 1990)); Dkt. 16-3 (Resp't Resp. Ex. C, N-85-27

Judgment (Sept. 17, 1985))]. Section 2113(a), in pertinent part, punishes "[w]hoever, by force and violence, or by intimidation, takes or attempts to take, from the person or presence of another" property or money. 18 U.S.C. § 2113(a).[2]

The "crime of violence" force clause encompasses "any offense . . . that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

Mr. Coe argues that § 2113(a) is not a "crime of violence" under the elements clause because it poses alternative non-violent means—intimidation—for finding that the element is met. [Dkt. 23 at 7-8]. But Mr. Coe provides no legal authority supporting this interpretation of § 2113(a).[3] Even further, the plain language of the statutes dictate otherwise and the Second Circuit has concluded so.

In *Killon v. United States*, the petitioner argued that, in light of the Supreme Court's decision in *Johnson* finding the residual clause of the ACCA void for vagueness, §2113(a) no longer qualified as a violent felony because it does not require the use of any force and because the offense does not proscribe intentional acts. *Killon v. United States*, 728 Fed. App'x 19, 21 (2d Cir. 2018). The Second Circuit held that, even with the residual clause no longer an available

---

[2] The language of § 2113(a) was the same at all times relevant to this case.
[3] Mr. Coe does cite to *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016), to suggest that statutory interpretation analysis dictates that the force element is indivisible and provides an alternative means that does not qualify under § 4B1.2. [Dkt. 23 at 8]. But he does not cite any case law actually supporting his interpretation of the provision. *See id.* Nor do Mr. Coe's references to model jury instructions and the lack of a subjective intent requirement help his argument. *See id.*

12

avenue to identify a crime of violence, § 2113(a) federal bank robbery qualifies as a crime of violence under the ACCA's force clause.[4] *Id.*

In so finding, the Second Circuit employed the categorical approach as required by *Taylor v. United States*, 495 U.S. 575 (1990). *Id.* The court explained that, under this approach, the "courts identify the minimum criminal conduct necessary for conviction under a particular statute." *Id.* at 21 (quoting *United States v. Hill*, 832 F. 3d 135, 139 (2d Cir. 2016)). "We look only to the statutory definitions—i.e., the elements—of a defendant's prior offenses, and *not* to the particular facts underlying those convictions." *Id.* (internal quotations omitted) (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)).

Looking at the elements of § 2113(a), the Second Circuit concluded that "the minimal criminal activity proscribed by the statute is the use of a dangerous weapon that places another person in jeopardy while taking property by intimidation." *Id.* The Second Circuit rejected the argument that putting another in fear of injury does not constitute a threat or use of force—noting that the Supreme Court has ruled that force encompasses even its indirect application, *id.* at 22 (citing *United States v. Castleman*, 572 U.S. 157 (2014))—and found that § 2113(a) was "punishable under the ACCA's force clause, 18 U.S.C. § 924(e)(2)(B)(i)." *Id.* (citing *United States v. Ellison*, 866 F. 3d 32, 37 (1st Cir. 2017); *United States v. Harper*, 869 F. 3d 624, 626-27 (8th Cir. 2017); *United States v. McNeal*, 818 F. 3d 141, 153 (4th Cir. 2016); *United States v. McBride*, 826 F. 3d 293, 295-96 (6th Cir. 2016)).

---

[4] The ACCA's force clause is identical to the force clause in § 4B1.2(a)(1).

As Respondent points out, the Second Circuit had said as much in earlier cases. In 2015, the Second Circuit concluded, without much analysis, that § 2113(a) bank robbery is a predicate crime of violence under the elements clause of § 924(c), which uses the same language as § 4B1.2 and § 924(e).[5] *Johnson v. United States*, 779 F. 3d 125, 128-29 (2015).

This conclusion was available to Mr. Coe's sentencing court as applied to § 4B1.2 as well. Indeed, other circuits had held that federal bank robbery is a crime of violence under the force clause of § 4B1.2 prior to Mr. Coe's sentencing. In 1990, the Ninth Circuit held that a conviction under § 2113(a) meets the requirement under § 4B1.2(a)(1) of a "threatened use of physical force" as § 2113(a) requires at the very least "force and violence" or "intimidation," which the court had previously defined to mean "wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." *United States v. Selfa*, 918 F. 2d 749, 751 (9th Cir. 1990). The Eighth, Seventh, and Fourth Circuits concluded the same in 1992, 1991, and 1990, respectively. *United States v. Wright*, 957 F. 2d 520, 521-22 (8th Cir. 1992); *United States v. Jones*, 932 F. 2d 624, 625 (7th Cir. 1991); *United States v. Davis*, 915 F. 2d 132, 133 (4th Cir. 1990).[6]

---

[5] 18 U.S.C. § 924(c)(3) defines "crime of violence" to include any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

[6] Mr. Coe argues that these decisions should be discounted because they "pre-date *Johnson v. United States*, 559 U.S. 133 (2010) [("*Johnson 2010*")], which clarified the meaning of 'force' in the force clause as requiring violent force." [Dkt. 23 at 8]. But the Second Circuit analyzed whether § 2113(a) constitutes a violent felony under the force clause of § 924(e) *after* the Court's decision in *Johnson 2010* in *Killon* and agreed with the other circuits that had concluded pre-

14

When Mr. Coe was sentenced in 2002, § 2113(a) plainly satisfied the elements clause of § 4B1.2, such that he would have had fair notice of the career offender provision applying to him as a result of those convictions.

### b. The Commentary's enumerated offenses

If the sentencing court did not rely on the elements clause, it would have relied on the residual clause and the commentary's application notes for § 4B1.2. Thus, the question becomes whether the residual clause of the career offender provision of the mandatory pre-*Booker* Guidelines was void for vagueness, applying the reasoning of *Johnson*. Because the crime of robbery was specifically listed as a crime of violence in the commentary to § 4B1.2, the Court concludes that the residual clause was not void for vagueness as applied to Mr. Coe.

As laid out *infra*, the residual clause of the ACCA, § 924(e)(2)(B)(ii), which was analyzed by the Supreme Court in *Johnson*, is and was identical to the residual clause of Guidelines § 4B1.2(a)(2) at all relevant times. The residual clauses provide that a "crime of violence" / "violent felony" is any offense that "otherwise involves conduct that presents a serous potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2); 18 U.S.C. § 924(e)(2)(B).

Unlike the ACCA, however, the 2001 Guidelines career offender provision included commentary enumerating "crimes of violence" under § 4B1.2. *See* U.S.S.G. § 4B1.2 cmt. n.1 (Nov. 2001). Specifically, the Application Notes in the Commentary for the provision stated that, "[f]or the purpose of this guideline,"

---

*Johnson 2010* that it does qualify under the force clause. *Killon*, 728 Fed. App'x at 20-22.

15

"'[c]rime of violence' includes . . . robbery." *Id.* The Supreme Court established in 1998 that these commentary provisions are to be given "controlling weight" unless they are plainly erroneous or inconsistent with the regulation they interpret. *Stinson v. United States*, 508 U.S. 36, 45 (1993). The Court held that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Id.* at 38. The commentary here was consistent with federal law as well as the language of the Guidelines and thus was "authoritative." Because the § 4B1.2 commentary at all times relevant to Mr. Coe's convictions and sentencings specifically stated that robbery is a crime of violence for purposes of the career offender provision, the provision was not unconstitutionally vague as applied to Mr. Coe.

This is consistent with the guidance provided by Justices Ginsburg and Sotomayor in their *Beckles* concurrences. While concurring in the judgment, Justices Ginsburg and Sotomayor would have disposed of the case in a more narrow fashion because "the commentary under which [Beckles] was sentenced was not unconstitutionally vague." *Beckles*, 137 S. Ct. at 898 (Sotomayor, J., concurring). As Justice Ginsburg explained, "[w]hen Travis Beckles was convicted in 2007 of violating 18 U.S.C. § 922(g)(1), the official commentary to the career-offender Sentencing Guidelines expressly designated his offense of conviction—possessing a sawed-off shotgun as a felon—a 'crime of violence.'" *Id.* at 897 (Ginsburg, J., concurring). That commentary being "authoritative"

under *Stinson v. United States*,[7] Beckles's "conduct was 'clearly proscribed,'" and he therefore cannot claim that § 4B1.2(a) was vague as applied to him or as applied to the conduct of others. *Id.* at 898 (Ginsburg, J., concurring) (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010).

The Tenth Circuit recently followed this guidance, as have the District of Connecticut and other lower courts, denying § 2255 relief because the petitioner's conduct underlying his pre-*Booker* Guidelines career offender sentence "was clearly proscribed by the authoritative commentary to the guideline," and therefore "his sentence does not violate due process and his § 2255 motion fails on the merits." *United States v. Taylor*, 724 Fed. App'x 665, 670 (10th Cir. 2018); *see also United States v. Foley*, Case Nos. 2:1-cr-34, 2:2-cr-40, 2018 U.S. Dist. LEXIS 57675, at *17-19 (D. Vt. Mar. 30, 2018) (finding the career offender Guidelines enhancement "not unconstitutionally vague as applied in Defendant's case" because "the enumeration of burglary of a dwelling and robbery renders . . . application to Defendant sufficiently clear"); *Tobias v. United States*, No. 3:16-cv-1092 (MPS), 2017 U.S. Dist. LEXIS 131987, at *11 (D. Conn. Aug. 18, 2017) (finding the residual clause of § 4B1.2 not unconstitutionally vague as applied to the petitioner because the commentary clearly stated robbery was a crime of

---

[7] Justice Ginsburg rejected Beckles's argument that the commentary is inconsistent with § 4B1.2(a), and thus inoperative, once the residual clause is stricken from the Guidelines as impermissibly vague. *Beckles*, 137 S. Ct. at 897, n.* (Ginsburg, J., concurring). Justice Ginsburg explained that a holistic approach is necessary, noting that "[t]his Court has routinely rejected, in a variety of contexts, vagueness claims where a clarifying construction rendered an otherwise enigmatic provision clear as applied to the challenger." *Id.* (citing *Bell v. Cone*, 543 U.S. 447, 453 (2005); *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 500-02 (1982); *Red Lion Broadcasting v. FCC*, 395 U.S. 367, 395 (1969)).

17

violence).  Put another way, the Tenth Circuit concluded that "[b]ecause the enumeration of robbery and kidnapping in the commentary to the career-offender guidelines sufficiently narrows the application of the residual clause to Taylor's conduct, he cannot mount a vagueness challenge to his enhanced sentence." *Id.* (quoting *United States v. Miller*, 868 F. 3d 1182, 1187 (10th Cir. 2017); citing *Beckles*, 137 S. Ct. at 897-98 (Ginsburg, J., concurring), 898 (Sotomayor, J., concurring)) (internal quotations and brackets omitted).

The same conclusion is required here. Mr. Coe was convicted of federal bank robbery. The elements of § 2113(a) track the force clause of § 4B1.2. And robbery is explicitly included as an enumerated "crime of violence" in the provision's commentary. There is no "uncertainty" or "indeterminacy" that Mr. Coe's previous § 2113(a) convictions qualify as crimes of violence. Rather, he had "fair notice" that the prior robbery convictions could contribute to an application of the career offender provision enhancement in his case. As such, § 4B1.2 is not vague as applied to Mr. Coe and his § 2255 Motion fails.

Because the Court rejects Mr. Coe's claim on the merits, it need not address the question of timeliness under § 2255(f), the question of whether the pre-*Booker* mandatory Guidelines are subject to a vagueness challenge, or whether the residual clause of the pre-*Booker* Guidelines is void for vagueness in other contexts.[8]

---

[8] Nor does the Court need to analyze the Respondent's argument that Mr. Coe's claim is procedurally defaulted because he failed to raise it on direct review, which Respondent makes in a single footnote of their opposition brief. *See* [Dkt. 16 at 5 n.3].

## Conclusion

For the foregoing reasons, Mr. Coe's § 2255 Motion to Vacate, Set Aside, or Correct Sentence is DENIED. The clerk is directed to close the case.

**IT IS SO ORDERED**

*Vanessa Lynne Bryant* Vanessa Bryant
2018.10.15 17:36:13 -04'00'

**Hon. Vanessa L. Bryant
United States District Judge**

**Dated at Hartford, Connecticut: October 15, 2018**